UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| Yinbang Clad Material Co., Ltd.,<br><br>      Plaintiff<br><br>    v.<br><br>UNITED STATES,<br><br>      Defendant | Court No. 22-00291 |

## COMPLAINT

Plaintiff Yinbang Clad Material Co., Ltd. ("Yinbang"), by and through their attorneys, allege and state:

### ADMINISTRATIVE DETERMINATION CONTESTED

1. Plaintiff challenges the final results of the U.S. Department of Commerce, International Trade Administration (the "Department"), in the second administrative review ("AR2") of the countervailing duty ("CVD") order on common alloy aluminum sheet from the People's Republic of China ("China") covering the period January 1, 2020, through December 31, 2020, published as *Common Alloy Aluminum Sheet From the People's Republic of China: Final Results of Countervailing Duty Administrative Review; 2020*, 87 Fed. Reg. 54,462 (September 6, 2022) ("*Final Results*").

2. The Department's final determinations, findings, and conclusions are set out primarily in the August 30, 2022 "Issues and Decision Memorandum for the Final Results of the Countervailing Duty Administrative Review of Common Alloy Aluminum Sheet from the People's Republic of China; 2020 (August 30, 2022) ("Final Decision Memo").

### JURISDICTION

3.       Plaintiff brings this action pursuant to Section 516A(a)(2) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a(a)(2).  Plaintiff contests the Department's Final Results generally and specifically as applied to Yinbang.  This Court has jurisdiction under 28 U.S.C. § 1581(c).

## STANDING

4.       Plaintiff Yinbang is a producer and exporter of subject common alloy aluminum sheet ("CAAS") exported to the United States.  Yinbang is an interested party under Sections 516A(f)(3) and 771(9) of the Act, codified at 19 U.S.C. §§ 1516a(f)(3) and 1677(9), respectively.  Yinbang was a mandatory respondent and submitted a case brief to the administrative proceeding from which this matter arises.  Yinbang thus has standing to bring this action under 28 U.S.C. § 2631(c).

## TIMELINESS OF THIS ACTION

5.       Plaintiff filed a Summons with this Court on October 6, 2022, within 30 days from the date of publication of the Final Results.  Plaintiff's Complaint is timely filed pursuant to 19 U.S.C. § 1516a(a)(2)(A) and Rule 3 of the Rules of this Court, which requires that the Complaint be filed within 30 days of the Summons.

## STANDARD OF REVIEW

6.       The Court must remand any administrative determination by the Department which is "unsupported by substantial evidence on the record as a whole, or is otherwise not in accordance with law."  19 U.S.C. § 1516a(b)(1)(B).

## BACKGROUND

7.       On April 1, 2021, the U.S. Department of Commerce, International Trade Administration, initiated the second administrative review (the "AR2") of the countervailing duty

order covering common alloy aluminum sheet from the People's Republic of China, for the period January 1, 2020, through December 31, 2020.  *See Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 86 Fed. Reg. 17,124 (April 1, 2021).

8. Yinbang was selected as the mandatory respondent to the AR2 proceeding. Yinbang did not provide the information to the Department's initial questionnaire.

9. On March 4, 2022, Commerce published preliminary results of this administrative review.  *See Common Alloy Aluminum Sheet From the People's Republic of China: Preliminary Results of Countervailing Duty Administrative Review; 2020,* 87 Fed. Reg. 12,429 (March 4, 2022).  Commerce preliminarily found a total adverse facts available ("AFA") countervailing duty margin of 252.22 percent for Yinbang..

10. The Department's preliminary determinations, findings, and conclusions are set out primarily in the February 25, 2022 "Decision Memorandum for the Preliminary Results of the Countervailing Duty Administrative Review of Common Alloy Aluminum Sheet from the People's Republic of China; 2020" (February 25, 2022).

11. On April 8, 2022, Yinbang submitted a case brief arguing that the Department's application of AFA rate to Yinbang in its preliminary determinations is "unduly punitive.".

12. On September 6, 2022, Commerce published the final results for Yinbang, rejecting the arguments of Plaintiff. *See Common Alloy Aluminum Sheet From the People's Republic of China: Final Results of Countervailing Duty Administrative Review; 2020*, 87 Fed. Reg. 54,462 (September 6, 2022) ("*Final Results*").  The Department decided the final results for Yinbang at 252.22 percent.

## STATEMENT OF CLAIMS

### COUNT ONE

13. Paragraphs 1 through 12 are realleged and incorporated herein.

14. The Department's application of AFA rate of 252.22 percent *ad valorem* is arbitrary, capricious, not supported by substantial evidence, and is otherwise not in accordance with law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that this Court enter judgment in favor of Plaintiff, declare that the Department erred in the final results in the subject administrative review as alleged herein, and remand to the Department with instructions to publish new final results in conformity with the opinion of this Court.  Specifically, Plaintiff prays that this Court remand the Department to:

a. Hold unlawful the determinations of Commerce identified above;

b. Remand this matter to Commerce for determinations consistent with the holding of this Court; and,

c. Grant Plaintiff such further and additional relief as this Court may deem just and proper.

Respectfully submitted,

*/s/ Daniel Cannistra*
Daniel Cannistra, Esq.
Pierce Lee, Esq.

Crowell & Moring
1001 Pennsylvania Ave., N.W.
Washington, D.C.  20004

Counsel for Plaintiff Yinbang Clad Material Co., Ltd.

Dated: November 7, 2022

CERTIFICATE OF SERVICE

Pursuant to Rule 3(f) of the Court of International Trade, I, Daniel Cannistra, hereby certify that I have caused copies of the Complaint, in Jiangsu Alcha Aluminum Co., Ltd. et al. v. United States, Case No. 22-00291, be served upon the parties in the administrative proceeding, by the U.S. certified mail, return receipt requested on November 7, 2022.

**UPON THE UNITED STATES:**

Attorney General of the United States
Attorney-in-Charge
International Trade Field Office
U.S. Department of Justice
26 Federal Plaza
New York, NY 10278

Supervision Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, DC 20044

**UPON THE DEPARTMENT OF COMMERCE:**

Robert Heilferty, Esq.
Chief Counsel
Office of the Chief Counsel for Trade Enforcement and Compliance
International Trade Administration
U.S. Department of Commerce
14th Street and Constitution Ave., NW
Washington, DC 20230

**Other Interested Parties**

John M. Herrmann, Esq.
**Kelley Drye & Warren LLP**
3050 K Street, NW
Washington, DC 20007-5108
Phone: 202-342-8400
Email: jherrmann@kelleydrye.com

/s/ *Daniel Cannistra*
Daniel Cannistra

5